The opinion of the Court was drawn up by
Walton, J.
The note in suit having been given for in-
toxicating liquors, the defendant contends that the plaintiffs *79 ought not to prevail. • 1st. Because the evidence is insufficient to show that either of them was authorized to sell. 2d. Because, if authorized, their authority was several, and would not authorize a joint sale by them as co-partners.
The bonds put into the case by the defendant are such as were required by law to be" given by persons licensed to sell intoxicating liquors. On the back of each bond is a certificate showing that it had been received and approved by the licensing board; and the bonds recite that each of the plaintiffs had that day been duly licensed to sell intoxicating liquors. There being no evidence to the contrary, these bonds and the recitals they contain, and the certificates on the back of them, signed by the aldermen and city clerk, sufficiently establish the fact, that each of the plaintiffs was legally authorized to sell. Each being authorized to sell separately, would a joint sale by them, as co-partners, be illegal ?
It is unnecessary to determine this question, for, although the bill for liquors was made in their joint names, from which, if there was nothing in the case showing the contrary, the Court might infer that the sale was a joint one; yet, it is admitted as a fact in the case, "that Eri Wills made the sale of the liquors named in the billwhich was undoubtedly intended, and does in fact, exclude ary such inference. If the sale was in fact made by Eri Wills, as is admitted; and he was at the time licensed to sell, which is sufficiently established by the evidence, the sale was legal; and afterwards making a bill of the liquors in the joint names of the plaintiffs, would not render it illegal.
Although the note in suit was given for intoxicating liquors, it sufficiently appears that the sale was made, not in violation of law, but by a person duly licensed.

Judgment for plaintiffs.

Appleton, C. J., Rice, Cutting and Kent, JJ., concurred.